# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN DAVID BURKE,<br><br>               Petitioner,<br><br>vs.<br><br>DENNIS SORENSEN,<br><br>               Respondent. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 2:13-CV-952 DN<br><br>District Judge David Nuffer |

Ryan Burke's petition for writ of habeas corpus filed under 28 U.S.C.S. § 2241 (2014) was filed October 16, 2013. Oral argument on the petition was heard on April 29, 2014. Mr. Burke was not present at the hearing, but was represented by counsel Denver C. Snuffer, Jr., Steven R. Paul, and Tahnee L. Hamilton. Respondent was represented by Mark C. Field, Assistant Attorney General.

After review of the pleadings and consideration of the oral arguments from counsel, the relevant case law, and all applicable rules and statutory provisions, this order concludes that Mr. Burke's habeas claim is unexhausted. Because this order makes no conclusions on the merits, this petition is dismissed without prejudice.

## Background

On July 25, 2008, Mr. Burke was convicted of aggravated sexual abuse of a child, forcible sexual abuse, and dealing in material harmful to a minor,.[1] for which he was sentenced,

---

[1] *Id.* at 1.

respectively to terms of 15 years to life; 1-to-15 years; and 0-to-5 years.[2]  Mr. Burke timely appealed.[3]  On May 26, 2011, his conviction and sentence were affirmed.[4]

Mr. Burke then filed a petition under Utah's Post-Conviction Remedies Act ("PCRA") raising multiple claims of ineffective assistance of trial counsel.[5]  On May 20, 2013, the post-conviction court concluded that trial counsel's representation was ineffective and vacated Petitioner's convictions.[6]  By operation of law, the court's order was stayed five days to allow the State to determine whether it would pursue an appeal.[7]  On May 30, 2013, the State filed a notice of intent to pursue an appeal.[8]  By operation of law, the post-conviction court's order vacating Petitioner's convictions remained stayed.[9]

On June 14, 2013, Mr. Burke filed a motion with the post-conviction court asking that he be freed from prison while the State's appeal was being litigated.[10]  Under the PCRA, the stay of the court's order may be "lift[ed] if the petitioner can make the showing required for a certificate of probable cause under Section 77-20-10 and [Utah R. Crim. P.] 27."[11]  Specifically, the stay may be lifted when the appeal raises a substantial question of law, is not taken for purposes of delay, and it is shown "by clear and convincing evidence presented by the defendant that the defendant is not likely to flee the jurisdiction of the court, and will not pose a danger to the physical,

---

[2] *Id.* at 25.

[3] *Id.* at 26.

[4] *State v. Burke*, 2011 UT App 168, 256 P.3d 1102 *cert. denied,* 263 P.3d 390 (2011).

[5] Docket no. 2, Pet's Mem. in Supp., Exhibit 3.

[6] *Id.*, Exhibit 6.

[7] Utah Code Ann. § 78B-9-108(2)(a).

[8] Docket no. 2, Exhibit 7.

[9] Utah Code Ann. § 78B-9-108(2)(c) (2014).

[10] Docket no. 2, Exhibit 8.

[11] Utah Code Ann. § 78B-9-108(2)(c) (2014).

psychological, or financial and economic safety or well-being of any other person or the community if released."[12]

Mr. Burke argued that because it was the State that appealed, to obtain release he should not have to show that the appeal presented a substantial question of law and was not taken for purposes of delay.[13] He argued that the statute does not apply to the circumstance where the State appeals after a conviction is determined to be invalid. Rather, "the Court's determination for release of the Petitioner should be governed by whether the court finds Petitioner is likely to flee the Court's jurisdiction or poses a threat to any person or the community." [14] Mr. Burke argued that he had satisfied this burden.[15] The State opposed the motion, contending that the statute does apply and that Mr. Burke had failed to show by clear and convincing evidence that he would not be a flight risk or a danger to others if released.[16]

On July 15, 2013, the post-conviction court denied Mr. Burke's request for release because he had not met "his burden to demonstrate that he will not flee the Court's jurisdiction or pose a danger to another person or the community by clear and convincing evidence."[17] Because the release request was denied, the court's order vacating Mr. Burke's convictions remained stayed.[18]

On August 7, 2013, Mr. Burke filed a motion for release with the Utah Court of Appeals.[19] He argued that the post-conviction court erred in applying Utah law and erred in applying the clear

---

[12]*Id*. § 77-20-10(1)(c); *see also* Utah R. Crim. P. 27(b)(1).

[13]Docket no. 2, Exhibit 8 at 3.

[14]*Id.*

[15]*Id.* at 3-7.

[16]*Id.*, Exhibit 9 at 1.

[17]*Id.*, Exhibit 11 at 3.

[18]Utah Code Ann. § 78B-9-108(2)(c) (2014).

[19]Docket no. 2, Exhibit 12.

3

and convincing evidence standard of proof.[20] He further argued that, notwithstanding the post-conviction court's conclusions, he had, in fact, shown by clear and convincing evidence that he would not be a flight risk or a danger to others if released.[21] The State opposed the motion.[22] On September 23, 2013 the Court of Appeals denied Mr. Burke's release request.[23] There is no record that the Court of Appeals' decision on the issue of Mr. Burke's release has been presented to or considered by the Utah Supreme Court.

## Parties' Arguments

Mr. Burke asserts here that the PCRA and other statutes and rules governing whether he may be released from prison while the State's appeal is pending are inadequate to protect his federal constitutional right to be free.[24] He argues that these state laws improperly place the burden on him to prove he is entitled to release despite the fact that the post-conviction court's order vacating his felony convictions makes him an unconvicted, innocent person.[25] In response, Respondent moves to dismiss, arguing that Mr. Burke's habeas claim is unexhausted and meritless.[26]

---

[20] *Id.* at 5-13.

[21] *Id.* at 14-17.

[22] *Id.*, Exhibit 13.

[23] *Id.*, Exhibit 15.

[24] Docket no. 2 at 7-8; Docket no. 8 at 4-8.

[25] *Id.*

[26] Docket no. 6 at 6-15.

**Discussion**

I.   **Standard of Review.**

For a writ of habeas corpus to extend to a petitioner, he must make a viable claim that he "is in custody in violation of the Constitution or laws or treaties of the United States."[27] Before habeas relief may be granted, a petitioner "must exhaust his remedies in state court."[28] "The exhaustion doctrine requires a state prisoner to 'fairly present[ ]' his or her claims to the state courts before a federal court will examine them."[29] That is, "exhaustion requires that the same claim under the same theory be presented to the state courts before raising it in a federal habeas petition."[30] The "burden of showing exhaustion rests on the petitioner in federal habeas corpus actions."[31] This requirement applies to habeas petitions brought under § 2241.[32]

II.  **Mr. Burke's Habeas Claim Is Unexhausted.**

   **A. The habeas claim was never fairly presented to the state courts.**

After the State filed a notice of appeal on the post-conviction court's order vacating Mr. Burke's convictions, he filed a motion requesting that he be released from prison. Ordinarily, under the PCRA a petitioner may be released from custody if he satisfies the requirements for obtaining release set forth in § 77-20-10, Utah Code of Criminal Procedure, and Rule 27, Utah Rules of Criminal Procedure.[33] Thus, under Utah law, release is permitted where the appeal raises

---

[27] 28 U.S.C.S. § 2241(c)(3) (2014)

[28] *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).

[29] *Demarest v. Price,* 130 F.3d 922, 932 (10th Cir.1997) (citations omitted).

[30] *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009).

[31] *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

[32] *See Wilson v. Jones,* 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under section 2241 is required to first exhaust available state remedies); *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

[33] *See* Utah Code Ann. § 78B-9-108(2)(c) (2014)

a substantial question of law, is not taken for purposes of delay, and "by clear and convincing evidence presented by the defendant that the defendant is not likely to flee the jurisdiction of the court and will not pose a danger to the . . . safety or well-being of any other person or the community if released."[34]

Mr. Burke argued to the state courts that because the State that filed the appeal, he should not be required to show that the appeal presented a substantial question of law and was not taken for purposes of delay.[35] Consequently, Mr. Burke argued that "the Court's determination for release . . . should be governed by whether the court finds [he] is likely to flee the Court's jurisdiction or poses a threat to any person or the community."[36] This was the specific claim Mr. Burke presented to the state courts in his quest for release. He argued that, as applied to his situation in which the State was appealing an adverse judgment, he had met his statutory burden and shown by clear and convincing evidence that he will not flee the jurisdiction and does not pose a danger to the community at large.[37] The State argued that Mr. Burke had not met his burden by clear and convincing evidence.[38]

Mr. Burke's argument to the state courts concerns the *application* of state statutes to his particular circumstances when the State appeals an adverse judgment in a post-conviction proceeding. Nowhere in his motions to the post-conviction court or the Utah Court of Appeals did Mr. Burke argue that the PCRA and other state statutes and rules governing whether he may be

---

[34]*Id.* § 77-20-10(1)(a)-(c).

[35]Docket no. 2, Exhibit 8 at 3.

[36]*Id.*; *see also* Docket no. 2, Exhibit 10 at 2 (Mr. Burke arguing that he "must prove by clear and convincing evidence he will not be a flight risk if released from custody.").

[37]See Docket no. 2, Exhibit 8 at 8.

[38]*Id.*, Exhibit 9 at 1 ("Petitioner has not shown by clear and convincing evidence that he will not be a flight risk or that he will not pose a danger to the well-being of any person or the community.").

6

released were unconstitutional under the Federal Constitution. Nor did he cite to any federal constitutional amendment or provision in making his arguments to the state courts. In other words, the claim that Mr. Burke raises in his habeas petition—that the Utah statutory procedure for seeking release from custody during an appeal by the State violates his federal constitutional right to be free—was never fairly presented to the state courts.

The exhaustion requirement obligated Mr. Burke to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."[39] Because the state courts have not yet had this opportunity, Mr. Burke's habeas claim is unexhausted.

### B. An available avenue exists for Mr. Burke to present the substance of his habeas claim in state court.

The "exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."[40] While it "has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts," an exception to the exhaustion requirement can be made, but "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."[41] Accordingly, if a viable state avenue for raising Mr. Burke's habeas claim exists, the exhaustion doctrine requires him to pursue the state remedy before seeking relief in the federal courts.

---

[39]*O'Sullivan,* 526 U.S. at 842.

[40]*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

[41]*Id.*

7

Here, a state avenue for raising Mr. Burke's habeas claim does exist that would not be futile if pursued. Under Rule 65B, Utah Rules of Civil Procedure, where "no other plain, speedy and adequate remedy is available, a person may petition the court for extraordinary relief" by claiming that he "has been wrongfully restrained of personal liberty."[42] Nothing prevents Mr. Burke from filing a petition under Rule 65B and requesting the appropriate state district court to consider whether the statutory procedures for determining when a person in Mr. Burke's circumstances may be released violates his federal constitutional rights.[43] Given the principles of comity that underlie the exhaustion requirement, because Mr. Burke's habeas claim involves the application of Utah law, Utah courts should have the first opportunity to determine whether the procedures for obtaining release established by state law and applied to a state prisoner violate federal constitutional guarantees.

Because an avenue for raising the substance of his federal habeas claim in the state courts still exists, Mr. Burke's claim is unexhausted.

## Conclusion

Mr. Burke's habeas claim was never fairly presented to the state courts and an avenue for presenting the substance of his claim in state court still exists. His habeas claim is therefore unexhausted. This order does not determine on the merits of Mr. Burke's habeas claim. Accordingly, Mr. Burke's petition for writ of habeas corpus will be dismissed without prejudice.

---

[42]Utah R. Civ. P. 65B (a), (b).

[43]*See* *Hatch v. DeLand*, 790 P.2d 49, 50 (Utah App. 1990) *abrogated on other grounds by Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (Utah 1993).

**ORDER**

IT IS HEREBY ORDERED that Ryan Burke's petition for writ of habeas corpus is DISMISSED without prejudice.

The Clerk of the Court is directed to CLOSE this case.

DATED August 27, 2014.

                                                  BY THE COURT

                                                  _____
                                                  DAVID NUFFER
                                                  United States District Judge